IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| DEBRA HESSE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:21-cv-00472-RK |
| | ) |
| MISSOURI DEPARTMENT OF CORRECTIONS, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

Before the Court is Defendant Missouri Department of Corrections' ("MDOC") motion for summary judgment. (Doc. 33.) The motion is fully briefed. (Docs. 33-1, 34, 40.) After careful review and consideration and for the reasons explained below, summary judgment is granted in favor of Defendant MDOC on Plaintiff's unlawful-termination-in-retaliation claim.

## I. Background

Plaintiff began working as a Custody Officer I for MDOC in 2015 at the Kansas City Reentry Center. On January 20, 2016, Plaintiff was awarded a $2 million judgment against MDOC following a jury trial for gender discrimination and retaliation. After the trial, Plaintiff became aware of physical threats made against her by three specific MDOC employees because of her testimony and the claims she had made at the trial. Plaintiff feared for her safety should she return to work. In January of 2016, Plaintiff submitted written complaints concerning these threats, after which Plaintiff was placed on administrative leave (with pay).

Plaintiff attests that she "was not informed that any action was taken by MDOC against [the three co-workers] in January of 2016," although she "later learned" they had been terminated.[1] (Doc. 34-1 at ¶¶ 6, 7.) On July 27, 2016, Plaintiff was informed by letter from MDOC that an internal investigation had concluded that all MDOC staff were performing professionally. The

---

[1] Plaintiff acknowledged in her deposition that "by August of 2017, [she] had heard that [the three co-workers who threatened her] had been terminated." (Doc. 40-1.) In her affidavit, Plaintiff further explained that the three co-workers were terminated "based upon a separate investigation of allegations made by a different MDOC employee." (Doc. 34-1 at 7.) The basis for this separate investigation and the nature of the allegations against these three specific employees (apparently leading to their termination) are not clear on this summary judgment record.

letter informed Plaintiff that "we have taken additional measures in order to address any concerns you might have regarding your working environment," which "include the creation of a temporary Ombudsman position that will be located at [Kansas City Reentry Center]," and the hiring of an additional human relations officer for the Kansas City area. (Doc. 35-4.) The July 27 letter informed Plaintiff that her administrative leave was ending and she would be required to return to work on August 1, 2016. (*Id.*) Plaintiff did not return to work.

In December of 2019, Todd Warren, as Warden of the Kansas City Reentry Center, initiated a discipline process against Plaintiff because of her absenteeism after Plaintiff had not been at work for more than three years. Warden Warren sent the discipline request to his supervisor, Ryan Crews, the Deputy Director of the Division of Adult Institutions. Deputy Director Crews, in turn, sent the paperwork to the Director of the Division of Adult Institutions, Alana Boyles. Finally, in a letter to Plaintiff dated January 13, 2020, Director Boyles terminated Plaintiff's employment with MDOC because of her extended absenteeism, effective January 27, 2020.

Plaintiff filed this federal lawsuit against MDOC on July 6, 2021, alleging claims of unlawful sex discrimination and unlawful termination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* (Doc. 1.) The Court granted MDOC's motion to dismiss on res judicata grounds all of Plaintiff's claims *except* "Plaintiff's January 2020 unlawful termination claim." (Doc. 16 at 8.) The parties appear to agree that the sole remaining claim in this lawsuit is Plaintiff's claim for unlawful termination. In Count Two of her complaint, Plaintiff alleges she was wrongfully terminated and that her sex or complaint of harassment were "motivating factor[s]" in her termination. (Doc. 1 at 10, ¶ 63.)

## II. Legal Standard

"Summary judgment is required if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Fed. Ins. Co. v. Great Am. Ins. Co.*, 893 F.3d 1098, 1102 (8th Cir. 2018) (quotation marks and citations omitted); *see* Fed. R. Civ. P. 56(c). In ruling on a motion for summary judgment, the Court views the evidence "in the light most favorable to the nonmoving party and giv[es] the nonmoving party the benefit of all reasonable inferences." *Fed. Ins. Co.*, 893 F.3d at 1102 (quotation mark and citation omitted). At the summary judgment stage, the movant must "support" its motion either by "citing to particular parts of materials in the record" or by " 'showing' – that is, pointing out to the district

2

Case 4:21-cv-00472-RK   Document 41   Filed 11/22/22   Page 2 of 6

court – that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); Rule 56(c)(1). The nonmovant must then "present affirmative evidence in order to defeat a properly supported motion for summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986).

III. Discussion

Defendant MDOC argues that it is entitled to summary judgment on Plaintiff's unlawful termination claim based on both a sex-discrimination and retaliation theory. In responding to MDOC's summary judgment motion, however, Plaintiff only addressed the unlawful-termination-by-retaliation claim and therefore has waived any claim for unlawful termination based on a sex-discrimination theory. *See Robinson v. Am. Red Cross*, 753 F.3d 749, 754 (8th Cir. 2014) (plaintiff waived claims of race discrimination when she did not oppose defendant's motion for summary judgment on those claims); *Martin v. Frakes*, No. 8:17CV253, 2018 WL 3827145, at *3 (D. Neb. Aug. 10, 2018).

To prove unlawful termination under Title VII, a plaintiff may rely on either direct or indirect evidence. *Twymon v. Wells Fargo & Co.*, 462 F.3d 925, 933 (8th Cir. 2006). As the Eighth Circuit has explained, "[d]irect evidence is evidence that establishes a specific link between the alleged discriminatory animus and the challenged decision, sufficient to support a finding by a reasonable fact finder that an illegitimate criterion actually motivated the employer's decision." *Id.* (cleaned up). Plaintiff does not point to direct evidence to support her Title VII unlawful termination claim in this case. Even without direct evidence, though, Title VII plaintiffs may rely on indirect evidence under the well-established *McDonnell-Douglas* burden-shifting analytical framework. *Hutton v. Maynard*, 812 F.3d 679, 683 (8th Cir. 2016) ("If there is no direct evidence and an inference [of retaliation] is required, the familiar three-step burden-shifting analysis from *McDonnell Douglas* applies."); *Griffith v. City of Des Moines*, 387 F.3d 733, 736 (8th Cir. 2004) ("if the plaintiff lacks evidence that clearly points to the presence of an illegal motive, [she] must avoid summary judgment by creating the requisite inference of unlawful discrimination through the *McDonnel Douglas* analysis, including sufficient evidence of pretext").

"To establish a prima facie case of retaliation [Plaintiff] must demonstrate (1) [s]he engaged in statutorily protected activity, (2) [s]he suffered an adverse employment action, and (3) a causal connection exists between the two." *Gilbert v. Des Moines Area Cmty. College*, 495 F.3d 906, 917 (8th Cir. 2007) (citation omitted). Causation here requires proof that "the desire to

3

retaliate was the but for cause" of the adverse employment action (here for instance, Plaintiff's termination), i.e., "that the unlawful retaliation would not have occurred in the absence of the alleged wrongful action or actions of the [employer]." *Wright v. St. Vincent Health Sys.*, 730 F.3d 732, 737 (8th Cir. 2013) (citation and quotation marks omitted). Once a plaintiff satisfies this burden to demonstrate a prima facie case of retaliation, the burden shifts to the defendant "to produce a nondiscriminatory reason for the adverse employment action," which the plaintiff must then show is merely "pretextual." *Hunt v. Neb. Pub. Power Dist.*, 282 F.3d 1021, 1028 (8th Cir. 2002); *see Womack v. Munson*, 619 F.2d 1292, 1296 (8th Cir. 1980). A Title VII plaintiff must show that the nonretaliatory reason(s) given by the defendant for the termination decision "is merely pretextual and that the defendant's actual motive was retaliation," which plaintiff must "prove . . . by a preponderance of the evidence." *Walker v. Ark. Dep't of Cmty. Corr.*, No. 3:08CV00131 BSM, 2011 WL 288976, at * (E.D. Ark. Jan. 27, 2011) (citations omitted), *aff'd* 436 F. App'x 729 (8th Cir. 2011).

Defendant MDOC argues it is entitled to summary judgment because Plaintiff cannot show that retaliation for previously filing the employment-related action was the "but for" cause of her termination and, relatedly, even if Plaintiff could demonstrate a prima facie case of unlawful termination, she cannot show the reason proffered by MDOC for her termination (absenteeism) is merely pretextual and that MDOC's real motive was to retaliate against her. Notwithstanding whether Plaintiff has adequately demonstrated a prima facie case for unlawful-termination-by-retaliation, this case turns on whether Plaintiff can demonstrate pretext.

Plaintiff does not dispute that absenteeism is a legitimate non-retaliatory reason for her termination. *See Manning v. Am. Rep. Ins. Co.*, 604 F.3d 1030, 1044 (8th Cir. 2010) (recognizing that "[a]bsenteeism constitutes a legitimate, non-discriminatory reason for termination") (citing *Kinkead v. Sw. Bell Tel. Co.*, 49 F.3d 454, 456 (8th Cir. 1995); *Godfrey v. BellSouth Telecomms., Inc.*, 89 F.3d 755, 759 (11th Cir. 1996)); *Gorman v. Wells Mfg. Corp.*, 209 F. Supp. 2d 970, 978 (S.D. Iowa 2002), *aff'd* 340 F.3d 543 (8th Cir. 2003). Under the *McDonnell-Douglas* framework, then, Plaintiff must point to evidence that raises a reasonable inference the reason given (absenteeism) is really pretext; that is, evidence that MDOC actually terminated Plaintiff's employment in retaliation for having engaged in protected activity (for instance, Plaintiff's prior complaint(s)).

"To prove pretext, a plaintiff must both discredit an employer's asserted reason for termination and show that the circumstances permit drawing the reasonable inference that the real reason for terminating the plaintiff was [to retaliate against her]." *Twymon v. Wells Fargo & Co.*, 462 F.3d 925, 935 (8th Cir. 2006) (citing *Johnson v. AT&T Corp.*, 422 F.3d 756, 763 (8th Cir. 2005)). Plaintiff argues here that MDOC "never addressed" her claims of discrimination and retaliation, "never took steps to make Plaintiff's workplace safe," and "never discussed with Plaintiff her return to a safe work environment." In other words, Plaintiff points to MDOC's failure to "acknowledge or address" her safety concerns as evidence supporting a reasonable inference that MDOC actually terminated against her in retaliation. The Court finds Plaintiff does not satisfy her burden under the *McDonnell-Douglas* framework in this case.

There is no dispute that after Plaintiff filed a complaint involving the three co-workers who had physically threatened her, MDOC conducted an internal investigation (during which time Plaintiff had been placed on paid administrative leave). At the conclusion of the investigation, MDOC reported it found no unprofessional behavior and instructed Plaintiff to return to work. She did not do so. Plaintiff's post-hoc suggestion she was justified in not returning to work because the three co-workers were subsequently terminated (following a separate investigation after complaints by another co-worker) does not lend the necessary evidentiary support Plaintiff needs to make a prima facie case and to withstand Defendant's summary judgment motion. Plaintiff points to nothing in the summary judgment record suggesting that the termination of the three co-workers was somehow related to Plaintiff's earlier complaint against them, for example. The undisputed facts are that MDOC conducted and concluded an internal investigation based on Plaintiff's complaint, after which MDOC informed Plaintiff certain measures had been taken to address her concerns and instructed Plaintiff to return to work. Moreover, MDOC did not initiate a discipline process against Plaintiff for her absenteeism until two years after Plaintiff acknowledges that she had actually learned the three co-workers had been terminated.

The lack of communication after instructing Plaintiff to return to work (accepting as true Plaintiff's statement that she remained concerned about her safety even after the investigation and even after the three co-workers who had physically threatened her had been terminated for other reasons) does not itself support a reasonable inference that MDOC's reason for discharging Plaintiff – a yearslong absence from work – is merely pretextual. As the Eighth Circuit has explained, "filing a complaint 'does not clothe [a plaintiff] with immunity for past and present

5

inadequacies, [and] unsatisfactory performance.'" *Shanklin v. Fitzgerald*, 397 F.3d 596, 604 (8th Cir. 2005) (quoting *Kneibert v. Thomson Newspapers, Mich., Inc.*, 129 F.3d 444, 455 (8th Cir. 1997)) (second alteration in original).

In sum, Plaintiff has not set forth sufficient evidence to satisfy her burden under the *McDonnel-Douglas* burden-shifting framework to demonstrate the non-retaliatory reason given for her termination (a yearslong absence from work) is merely pretextual. Accordingly, even assuming Plaintiff set forth evidence to demonstrate a prima facie claim for unlawful-termination-in-retaliation, MDOC is entitled to summary judgment as to Plaintiff's unlawful termination claim.

## IV. Conclusion

Therefore, Defendant MDOC's motion for summary judgment (Doc. 33) is **GRANTED**.

**IT IS SO ORDERED**.

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED: November 22, 2022